### ALLEN *v.* HEFT.

1. EQUITY—JURISDICTION.

   The rule that, having jurisdiction for one purpose, a court of equity may, and usually will, retain jurisdiction to settle the entire controversy, has no application in cases where equitable jurisdiction is not made out by the bill itself.

   200—Mich.—38.

2. EXECUTION — INJUNCTION — ADEQUATE REMEDY AT LAW — HUS-
  BAND AND WIFE—EQUITY—JURISDICTION.

    On appeal from a decree dismissing a bill by a wife to re-
    strain the sheriff from selling an automobile levied on by
    a judgment creditor of the husband, where the ownership
    of the automobile is in dispute, plaintiff claiming that in
    its purchase the husband acted as her agent, and the con-
    clusions that the automobile is necessary for her use in
    selling her farm products, and that the identical auto-
    mobile is the only thing that will satisfy her just de-
    mands not being apparent from the bill of complaint or
    that her remedy at law is inadequate, the sheriff not being
    officially insolvent, the decree of the court below will be
    modified to the extent of dismissing the bill without
    prejudice to plaintiff's right to institute a suit at law.

Appeal from Kent; Brown, J. Submitted January
8, 1918. (Docket No. 5.) Decided March 27, 1918.

Bill by Minnie E. Allen against Israel N. Heft and
another to enjoin an execution, levy and sale. From
an order dissolving the injunction, plaintiff appeals.
Modified and affirmed.

*C. G. Turner*, for plaintiff.

*Corie C. Coburn*, for defendants.

Plaintiff is the wife of Eli W. Allen. Israel N.
Heft is a judgment creditor of Eli W. Allen. To
collect his judgment, rendered in the year 1917, Heft
caused an execution to be issued and delivered to the
sheriff, who, on or about July 24, 1917, levied upon
a motor car which Eli W. Allen had theretofore pur-
chased from the Mt. Pleasant Motor Company. When
he bought the car, the said Eli W. Allen paid for it
$554.10 and gave his individual note to the vendor
for $300. Later, Eli W. Allen began suit in the cir-
cuit court for the county of Kent against the said Mt.
Pleasant Motor Company, claiming fraud on the part
of that company in the sale of the said car, he having

previously tendered the said car to said company and demanded from it a return of the money he had paid and his note. That suit is pending. The sheriff threatens to sell the car on the execution. The judgment creditor is financially irresponsible.

Plaintiff owns a farm and personal property thereon, and all income therefrom belongs to her. From time to time, Eli W. Allen, her husband, has acted as her agent and has been intrusted by her with money to purchase property for her. She gave him the $554.10 with which to purchase the said motor car and it was bought for her to be used by her in her business and for family use, and is necessary for her use in selling products of her farm. This was in September, 1915.

Briefly stated, the foregoing are the facts charged in plaintiff's bill of complaint, in which she prays that an injunction issue, directed to the sheriff and the judgment creditor, to restrain them from interfering with her custody of the car and from selling or attempting to sell it. There is a prayer for general relief. The injunction was granted and served, plaintiff later on, before motion to dissolve the injunction was heard, giving a bond conditioned to pay the damages and costs awarded to said Heft if she "failed to recover and maintain her action against said Israel N. Heft * * *." The judgment creditor answered the plaintiff's bill and moved for a dissolution of the injunction upon the grounds (1) that it states no equity, (2) plaintiff has an adequate remedy at law, (3) plaintiff is estopped by her conduct to claim ownership of the car. The court was advised, by affidavit, that Eli W. Allen applied for and obtained a license as owner of said motor car for the year 1917. The motion to dissolve was based, in part, upon the files and records in the case of Eli W. Allen *v.* Mount Pleasant Motor Company and Isabella County State

Bank, which files and records are not made a part of the settled case on appeal. The injunction was dissolved, the bill dismissed, and plaintiff has appealed.

OSTRANDER, C. J. (*after stating the facts*). The contention of the appellant is that by the filing of the bill, the general appearance of defendants, the granting of an injunction, the filing of the answer, etc., the court became possessed of the case, acquired jurisdiction of the parties and subject-matter, and therefore has jurisdiction to give full relief other than that prayed for. The familiar rule is relied upon that having jurisdiction for one purpose a court of equity may, and usually will, retain jurisdiction to settle the entire controversy.

The rule, of course, has no application in cases where equitable jurisdiction is not made out by the bill itself. Upon the facts she alleges, plaintiff has apparently an adequate remedy at law, which is sufficient reason for refusing equitable interference. The sheriff is not, officially, insolvent. It is said that the identical automobile is the only thing which will satisfy plaintiff's just demands in this case, and that at least the cause ought to have been transferred to the law side of the court for trial. This conclusion is not apparent from the bill of complaint. Furthermore, the record does not contain all of the evidence upon which the court below proceeded.

I am inclined, however, to grant a modification of the decree to the extent of dismissing the bill without prejudice to plaintiff's right to institute a suit at law if she is so advised. In other respects, the decree is affirmed, with costs of this court to the appellee.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.